**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DEVON HENNIS**                                                                              **PLAINTIFF**

**v.**                                                                **CAUSE NO. 1:26-cv-00001-LG-RPM**

**NURSE DOE**                                                                        **DEFENDANT**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court *sua sponte*.  Pro se Plaintiff Devon Hennis initiated this action on January 2, 2026.  At the time, Plaintiff was an inmate housed at the Stone County Correctional Facility in Wiggins, Mississippi.

On January 5, 2026, the Court ordered Plaintiff, on or before February 4, 2026, to either pay the required filing fee or file a complete application for leave to proceed *in forma pauperis*.  Having received no response, on February 18, 2026, the Court entered an Order to Show Cause [3], directing Plaintiff to show cause why this case should not be dismissed for failure to obey a Court Order [2].  Still having received no response, the Court entered a Second and Final Order to Show Cause [4] on March 17, 2026, giving Plaintiff one last chance to either comply or show cause.

All Orders were mailed to Plaintiff at his address of record, and none of them were returned to the Court as undeliverable.  To date, he has not responded to these Orders, provided a change of address, or otherwise contacted the Court about his case since the day he filed his Complaint.  The Court has explicitly warned Plaintiff

four times that his failure to comply with Court orders or keep the Court advised of his current mailing address may result in this case being dismissed.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Plaintiff has not contacted the Court about this case in more than three months, demonstrating a clear lack of interest in pursuing his claims. Since Defendant has never been called upon to respond to the Complaint, nor has Defendant appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, this case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of April, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE